IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RENWICK YOUNG, | § | |
| TDCJ #1110533, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1219 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Charles Renwick Young (TDCJ #1110533) has filed a petition under 28

U.S.C. §2254, seeking a federal writ of habeas corpus to challenge a state court conviction.

The respondent has answered with a motion for summary judgment, arguing that Young is

not entitled to relief because his petition is barred by the governing one-year statute of

limitations. (Doc. # 7). Young has filed a cross-motion for summary judgment in response.

(Doc. # 8). After considering all of the pleadings, the state court records, and the applicable

law, the Court **grants** the respondent's motion and **dismisses** this case for reasons set forth

below.

## I.    BACKGROUND

A Harris County grand jury returned an indictment against Young in cause number

909851, charging him with aggravated robbery with a deadly weapon. The State enhanced

that indictment with allegations that Young had at least one prior felony conviction. On June

12, 2002, the State filed a motion to amend the indictment to correct the name of the victim. *See Ex parte Young*, No. 62,787-03 at 36.  It was never ruled on by the trial court.  On June 25, 2002, Young agreed to plead guilty and the 228th District Court for Harris County, Texas, found him guilty as charged of aggravated robbery.  *See id*. at 100-07.  Pursuant to the State's recommendation, the trial court sentenced Young to serve twenty-five years in prison.  *See id*. at 111.  Shortly thereafter, Young filed a *pro se* motion to withdraw his guilty plea.  The trial court denied that motion on July 20, 2002.  Young did not pursue a direct appeal.

Young's pending federal habeas corpus petition, which was executed on April 16, 2008, presents four related claims for relief.  Each claim concerns the indictment, which Young characterizes as "defective."  Because the indictment was not amended before he entered his guilty plea, Young insists that he is entitled to relief for the following reasons: (1) the trial court erred by finding him guilty of charges outlined in a defective indictment that was never properly amended; (2) the prosecutor engaged in "official oppression" or "abuse of office" by entering into a plea agreement based on a defective indictment; (3) Young's defense counsel provided ineffective assistance by advising him to plead guilty to the defective indictment; and (4) because the indictment was defective, the evidence was insufficient to support the conviction.

The respondent argues that the federal habeas corpus petition must be dismissed because Young's petition is barred by the governing one-year statute of limitations.  (Doc. # 7).  In his cross-motion for summary judgment, Young does not dispute that his petition

2

is untimely.  (Doc. # 8).  Young insists, nevertheless, that he is entitled to relief.  The parties'

contentions are addressed below under the applicable legal standard.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that the pending federal habeas corpus petition must be

dismissed because it is untimely.  According to the Antiterrorism and Effective Death

Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal

habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period

found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24,

1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d

196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Young challenges a state court conviction that was entered against him on June 25,

2002.  Thus, the statute of limitations for federal habeas corpus review began to run pursuant

to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review."  In this

case, Young was convicted and sentenced pursuant to his guilty plea on June 25, 2002.

Subsequently, the trial court denied Young's motion for leave to withdraw the guilty plea on

July 20, 2002.  *See Ex parte Young*, No. 62,787-01 at 34.  Construing the motion to withdraw

as a motion for new trial, it appears that Young's time to file a notice of appeal expired on

or about September 23, 2002, which is ninety days after the judgment was entered.  *See* Tex.

R. App. P. 26.2(a)(2) (providing that a notice of appeal must be filed "within 90 days after

the day sentence is imposed or suspended in open court if the defendant timely files a motion

3

for new trial"). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on September 23, 2003.  The pending federal habeas corpus petition, which is dated April 16, 2008, is late by more than four years and is therefore time-barred unless Young can show that a statutory or equitable exception applies.

### A.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The state court records show that, following his guilty plea on June 25, 2002, Young filed two state habeas corpus applications and one mandamus petition.   Young filed his first state habeas corpus application on December 27, 2004.  The Texas Court of Criminal Appeals denied relief without a written order, based on findings made by the trial court, on August 31, 2005.  *See Ex parte Young*, No. 62,787-01 (Tex. Crim. App.). On January 25, 2006, the Texas Court of Criminal Appeals reconsidered, vacating the denial and dismissing the petition on Young's motion.  *See Ex parte Young*, No. 62,727-01 (Tex. Crim. App.).  On that same day, the Texas Court of Criminal Appeals denied Young's petition for a writ of mandamus.  *See Ex parte Young*, No. 62,787-02 (Tex. Crim. App.). More than a year later, on February 19, 2007, Young filed his second state habeas corpus application.  The Texas Court of Criminal Appeals denied relief without a written order, based on findings made by the trial court, on November 14, 2007.  *See Ex parte Young*, No. 62,787-03 (Tex. Crim. App.).

Because both of Young's state habeas proceedings were filed after the limitations period had already expired, neither application has any tolling effect for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Young's mandamus petition was also submitted after the limitations period had already expired. Likewise, Young's mandamus petition, which merely sought an order compelling the Court of Criminal Appeals to rule on his motion for voluntary dismissal, did not seek review of the judgment pursuant to which he is incarcerated, did not constitute "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Young presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Young has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. §2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B.    Equitable Tolling

Young has filed a cross-motion for summary judgment, but he does not explain the delay in this case or request equitable tolling. Equitable tolling is an extraordinary remedy

which is only sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)).  Young does not meet that burden here and, as the preceding discussion about Young's state habeas corpus proceedings illustrates, the record does not disclose any extraordinary circumstance or excuse for the extended periods of delay between the judgment of conviction on July 25, 2002 and the pending federal habeas corpus petition executed by Young on April 16, 2008.  It is well established that equitable tolling is not available where,

6

as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Although Young has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).  Given Young's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). Young has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.[1]

---

[1]    Alternatively, the Court has reviewed the record and notes that Young's claims were raised and rejected on state habeas corpus review based on findings of fact and conclusions of law made by the trial court after considering an affidavit from Young's defense counsel. *See Ex parte Young*, No. 62,787-03 at 95-97.  Young does not allege that, but for the alleged defect
(continued...)

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

---

[1](...continued)

in the indictment, he would not have pleaded guilty and would have insisted on a trial in this case. More importantly, Young does not show that the state court's findings were incorrect or that the ultimate decision to deny relief was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Thus, he fails to show that he is entitled to federal habeas corpus relief under 28 U.S.C. § 2254(d).

*Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996.  The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 7) is **GRANTED**.

2. The petitioner's cross-motion for summary judgment (Doc. # 8) is **DENIED**.

3. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>August 20th</u>, 2008.

Nancy F. Atlas
United States District Judge